IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**
MAR 3 0 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CRIMINAL NO. 10-30059-MJR |
| ANTONIO MCWHERTER, | ) ) ) |
| Defendant. | ) |

**PLEA AGREEMENT**

Attorneys for the Government and the attorney for the Defendant, Antonio McWherter, have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 58. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

**I.**

1. Defendant acknowledges that he has been advised of and fully understands the following:

> (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
>
> (b) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
>
> (c) that if he pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, he waives the right to a trial; and
>
> (d) that if he pleads guilty, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record,

his answers may later be used against him in a prosecution for perjury or false statement; and

(e)     that if he pleads guilty, he will waive his right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at trial, and to confront and cross-examine witnesses against him at trial.

2.     Defendant acknowledges that this Agreement to Plead Guilty and Stipulation of Facts constitutes the entire agreement and that no promises, inducements or representations, other than those specifically set forth in this Agreement to Plead Guilty and Stipulation of Facts, were made to induce him to enter into this Agreement to Plead Guilty.

3.     It is further understood that this agreement is limited to the Southern District of Illinois, and nothing herein is intended to bind other federal, state or local prosecuting authorities. <u>It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant</u>.

4.     Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $25 per Class A Misdemeanor count. Defendant understands that he will be ordered to pay the full amount of the special assessment prior to or at the time of sentencing.

5.     Defendant understands that the Court may impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. §3583.

6.     Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States

Courts dated May 6, 2009, are, for imprisonment: $2,157.88 per month; for community confinement: $1,990.13 per month; and for supervision: $311.94 per month. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney, a Financial Statement (OMB-500).

7. Defendant understands that the Court may require Defendant to pay restitution in this matter in accordance with applicable law. Defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court.

8. Defendant understands that the United States Sentencing Guidelines are advisory only. Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but that the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that he is not relying upon the Defendant or the Government's calculation of a particular Guidelines range for the offense to which he is entering this plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties.

9. The Defendant states that he has read this agreement, has discussed it with his attorney, and understands it.

## II.

1. Defendant states that he is actually guilty of and will enter a plea of guilty to the one-count ~~Superseding~~ Information charging Deprivation of Rights in violation of Title 18, United States Code, Section 242. The maximum penalty that can be imposed for this Class A misdemeanor is: not more than one (1) year of imprisonment, a $100,000 fine, or both, and not more than one (1) year

3

of supervised release. The Government and the Defendant agree that this Information replaces the Indictment filed against the Defendant in 09-30092-MJR, and Defendant understands that, in return for his plea of guilty to this Information, the Government, at sentencing, will move the Court to dismiss with prejudice the pending two-count Indictment.

    2.    The Government and Defendant agree that the following constitute the essential elements of the offense of Deprivation of Rights in violation of 18 U.S.C. § 242, as charged in the Information:

        1.    that Defendant acted under color of law;

        2.    that Defendant deprived the victim of a right protected by the constitution or laws of the United States; and

        2.    that Defendant acted willfully.

The Defendant agrees and admits that his conduct violated these essential elements of the offense of Deprivation of Rights in violation of 18 U.S.C. § 242, as charged in the Superseding Information.

    3.    The Government and Defendant submit to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 18 and a Criminal History Category of I, for which the recommended sentencing range is 27-33 months. The Defendant and the Government recognize, however, that the maximum term of imprisonment is 12 months, and that the Defendant's actual advisory guideline range therefore is 12 months. The Defendant and the Government further submit that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant's fine range will be $6,000 to $60,000, according to U.S.S.G. §5E1.2. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will

determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, he will not be permitted to withdraw his plea. The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed. The Government specifically reserves the right to argue for, present testimony in defense of, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. §3553(a), including the nature and circumstances of the offense and the criminal history and characteristics of the Defendant.

4.  Defendant and the Government agree that the initial Guideline Offense Level in this case is 10, pursuant to U.S.S.G. §2H1.1(a)(3). The Defendant and the Government further agree that the following specific offense characteristic applies, the offense was committed under color of law, thus the Defendant's initial offense level should be <u>increased</u> 6 levels, creating an adjusted offense level of 16. *See* U.S.S.G. §2H1.1(b)(1).

5. Defendant and the Government agree that, because the victim was physically restrained during the course of the offense, his offense level should be <u>increased</u> two (2) levels, creating an adjusted offense level of 18. *See* U.S.S.G. §3A1.3.

6. Defendant and the Government agree that his role in the offense was such that his offense level should be neither increased (under §3B1.1) nor decreased (under §3B1.2).

7. Defendant and the Government agree that Defendant has obstructed justice in this case and therefore, pursuant to U.S.S.G. §3C1.1, the Defendant's offense level should be <u>increased</u> two (2) levels, creating an adjusted offense level of 20. *See* U.S.S.G. §3C1.1.

8. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of two (2) levels, reducing the offense level to 18 (from Offense Level 20). *See* U.S.S.G. §3E1.1.

9. Defendant and the Government submit to the Court that it appears that the Defendant has amassed no criminal history points and that, therefore, his Sentencing Guideline Criminal History Category is I.

<u>Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, he will not be able to withdraw his plea.</u>

10. Defendant understands that the Government will recommend the imposition of a fine.

11.     Based upon the concessions made by the Government in this agreement, Defendant agrees to resign immediately upon the entry of a guilty plea, and before sentencing, from the East St. Louis Police Department. Defendant agrees to submit a letter of resignation to the East St. Louis Police Department immediately upon the entry of his guilty plea on the instant offense and prior to sentencing. Defendant agrees that his failure to submit such an letter shall constitute a breach of this Plea Agreement, and that the Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the Government has not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

In addition, Defendant agrees to refrain from seeking or accepting any law enforcement employment, including but not limited to any employment as a police officer, jailer, correctional officer, military police officer, or deputy sheriff. The Defendant agrees to submit an affidavit affirming the above to the Illinois Law Enforcement Training and Standards Board immediately upon the entry of his guilty plea on the instant offense and prior to sentencing. Prior to submission, the Defendant will provide a copy of the affidavit to the Government for their review. Defendant agrees that his failure to submit such an affidavit shall constitute a breach of this Plea Agreement, and that the Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the Government has not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

12.     Furthermore the Defendant agrees to refrain from seeking or accepting any position, duties, or assignment in his capacity as a Non-Commissioned Officer (NCO) that would require or

7

permit Defendant to supervise, care for, direct, or manage soldiers, detainees or prisoners. Thus, the defendant agrees that he will not accept any leadership position. The Defendant agrees to submit an affidavit stating these conditions to his current Commanding General with UCMJ authority immediately upon the entry of his guilty plea on the instant offense and prior to sentencing. Prior to submission, the Defendant will provide a copy of the affidavit to the Government for their review. If the Defendant is transferred to a new unit, the Defendant also agrees to submit this affidavit to his new Commanding General with UCMJ authority. Defendant agrees that his failure to submit such an affidavit shall constitute a breach of this Plea Agreement, and that the Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the Government has not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

13. Defendant understands that if he commits any offense in violation of federal, state, or local law while on release in this case or violates any other conditions of release, the Government may request revocation of the Defendant's bond and forfeiture of any bail and may file additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for Defendant to withdraw his plea. Defendant understands that if he fails to or refuses to comply with any part of this plea agreement, Defendant will have breached this Plea Agreement, and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the Government has not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

14. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

### III.

1. Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, and possible defenses.

2. Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

3. Defendant's waiver of his right to appeal or to bring collateral challenges shall not apply to any subsequent change in the interpretation of the law by the United States Supreme Court

or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein. The Government reserves the right to oppose such claims for relief.

4.  Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise as that right belongs to the Solicitor General. 28 C.F.R. §0.20(b).

5.  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6.  Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

7.  A.  Defendant acknowledges that the Government has provided complete discovery compliance in this case. Defendant states that he has reviewed the discovery with his attorney. Defendant states that he has been advised that there may be items of physical evidence in this case which may have biological evidence, such as semen, blood, saliva, hair, skin tissue, or other identifiable biological material, that could be subjected to DNA testing either now or in the future. Defendant understands that the Government does not intend to conduct DNA testing of any

of the items of physical evidence. Defendant states that he has discussed with his attorney his rights regarding DNA testing on the physical items seized as evidence in this case and is satisfied that there is no need for any DNA testing of any evidence in this case.

    B.  Defendant states that he specifically understands that he could request DNA testing of evidence in this case before he pleads guilty pursuant to this Plea Agreement. He further understands that, if the Court enters a judgment of conviction for the offenses to which he pleads guilty pursuant to this Plea Agreement, he could request DNA testing of evidence in this case after conviction under the conditions specified in 18 U.S.C. §3600.

    C.  Defendant states that knowing and understanding his right to request DNA testing, he knowingly and voluntarily waives and gives up that right. He understands that this waiver applies to DNA testing of all items seized as evidence in this case that could be subjected to DNA testing. He further understands that he is waiving the right to request DNA testing of evidence in this case in the current proceeding, in any proceeding following conviction under 18 U.S.C. §3600, and in any other type of proceeding in which DNA testing may be requested. He fully understands that, as a result of his waiver of the right of DNA testing, that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is actually innocent of the offenses to which he pleads guilty pursuant to this Plea Agreement.

    D.  Defendant states that he has fully discussed the significance of DNA testing both before and after his conviction and its possible uses with his attorney. Defendant states he is satisfied with his attorney's explanation concerning DNA testing and the advice his attorney has provided to him concerning the consequences of waiving the right to request DNA testing.

E.   Defendant states that he has been advised of his rights under 18 U.S.C. §§3600 and 3600A. Defendant states that he waives those rights and consents to the destruction of all items of physical evidence seized in this case.

8.   Defendant acknowledges that he has read this agreement; that he has discussed it with his attorney; and that he understands it.

**IV.**

No matters are in dispute.

A. COURTNEY COX
United States Attorney

_____
ANTONIO MCWHERTER
Defendant

_____
ANGELA SCOTT
Assistant United States Attorney

_____
JOHN O'GARA
Attorney for Defendant

_____
PATRICIA A. SUMNER
Trial Attorney, Department of Justice

Date: 3/30/10

Date: 3/30/10

12